UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


DERMAINE RIOS,

       Petitioner,

v.                                     Case No. 2:15-cv-160

                                          HON. PAUL L. MALONEY

SHANE PLACE,

       Respondent.

_____/


## REPORT AND RECOMMENDATION

      Petitioner Dermaine Rios filed this petition for writ of habeas corpus challenging his jury conviction for arson for starting a fire in his in his prison cell at the Chippewa Correctional Facility. Petitioner was convicted of arson of real property in violation of Mich. Comp. Laws § 750.73. Petitioner was sentenced to a term of imprisonment of 5 to 15. The respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. The parties have briefed the issues and the matter is now ready for decision.

      Petitioner alleges that:

      I. Where a rational trier of fact could not have found it proven beyond a reasonable doubt either: 1) that Mr. Rios intended to do the physical act constituting the actus reus of arson, i.e. starting a fire or doing an act that results in the starting of a fire (intentional arson) or 2) that Mr. Rios intentionally committed an act that created a very high risk of burning a building –and that- while committing the act – he knew of the risk and disregarded it (wanton arson) his conviction for arson of other property must be vacated for insufficient evidence.

II. Mr. Rios was denied his Sixth Amendment right to the effective assistance of counsel where Mr. James A. Bias failed to consult with and present an arson expert and identify, interview, and present the M.D.O.C. maintenance supervisor – the M.D.O.C. prisoner/porter assigned to maintenance – and Mr. James A. Stinson, all of which who would have provided information and testimony that supported a plausible electrical origins causation defense issue at Petitioner's trial.

III. Mr. Rios was denied his Sixth Amendment right to the effective assistance of counsel where Mr. James A. Bias moved to suppress prosecution witness M.D.O.C. nurse Dawn Eicher's testimony from his trial but failed to cite on point precedent which warranted suppression.

IV. Mr. Rios was denied his Sixth Amendment right to the effective assistance of counsel where Mr. James A. Bias failed to use a peremptory strike to excuse a biased juror.

V. Mr. Rios was denied his Sixth Amendment right to the effective assistance of appellate counsel where Ms. Marla McCowan failed to raise grounds two through four on Petitioner's direct appeal of right.

In April of 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective.  Because this petition was filed after the effective date of the AEDPA, this Court must follow the standard of review established in that statute.  Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication:  "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."  28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court.  28 U.S.C. § 2254(d).  This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998).  To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision.  *Williams v. Taylor*, 529 U.S. 362, 412 (2000).  The Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts."  *Id.*  A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."  *Id.*  A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 412.  Rather, the application must also be "unreasonable."  *Id.*  Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable.  *Id.* at 410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)).  Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable."  *Williams*, 529 U.S. at 409.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy,* 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

Petitioner claims that there was insufficient evidence for him to be found guilty of arson. To convict an individual of the offense of arson of real property the prosecution must prove (1) the burning of any building or other real property or its contents, and (2) that defendant willfully or maliciously set the fire. Mich. Comp. Laws § 750.73. The Michigan Court of Appeals rejected the claim that the evidence was insufficient to convict Petitioner:

> The prosecution presented evidence that defendant was seen alone in his cell shortly before the fire started. Officers responding to the scene testified that the fire appeared to be in two or three locations in the cell. One officer testified that he did not believe the fire was an electrical or grease fire, although he was not a fire investigator and did not investigate further after the fire was put out. Another officer testified that there were no open flames, burners, heat sources, or anything that would cause an accidental ignition in the cells of the unit in which defendant's cell was located. He too admitted that he was not a fire investigator and did not investigate for the purpose of determining the cause of the fire. A state police officer testified that he had no reason to believe accelerants or flammable liquids were used. A nurse who attended to defendant testified that he said he lit his mattress on fire. Although a state police officer testified that the mattress was not damaged,

> defendant was the only one with an opportunity to deliberately set a fire because he was alone in his cell.
>
> This evidence is sufficient, when viewed in a light most favorable to the prosecution for a rational jury to conclude beyond a reasonable doubt that the prosecution proved all essential elements of the crime.  The evidence showed multiple fires, and that defendant possessed both the means and opportunity to start the fires.  In meeting its burden of proof, the prosecution need not negate every theory consistent with innocence.

Michigan Court of Appeals decision at 2 (PageID.802) (citations omitted).  A federal court sitting in habeas corpus review of a state criminal trial is to determine whether there was sufficient evidence of the essential elements of the crime to justify *any* rational trier of fact to find guilt beyond a reasonable doubt.  *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).  The evidence is to be considered in the light most favorable to the prosecution.  *Id.*  It is clear that the evidence was sufficient to establish that Petitioner committed the crime.  The Michigan Court of Appeals decision was not contrary to, nor did it involve an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; nor did it result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Petitioner claims that he was denied his Sixth Amendment right to effective assistance of counsel.  Petitioner argues that: (1) counsel did not remove a biased juror, (2) counsel did not bring in an arson expert or witnesses to the fire, and (3) counsel did not properly cite precedent to warrant suppression of the nurse's testimony.  In the opinion of the undersigned, Petitioner's claims of ineffective assistance of counsel are procedurally defaulted.  When a state-law default prevents further state consideration of a federal issue, the federal courts ordinarily are precluded from considering that issue on habeas corpus review.  *See Ylst v. Nunnemaker*, 501 U.S. 797, 801 (1991); *Engle v. Isaac*, 456 U.S. 107 (1982).  To determine

whether a petitioner procedurally defaulted a federal claim in state court, the Court must consider

whether: (1) the petitioner failed to comply with an applicable state procedural rule; (2) the state

court enforced the rule so as to bar the claim; and (3) the state procedural default is an

"independent and adequate" state ground properly foreclosing federal habeas review of the

federal constitutional claim.  *See Hicks v. Straub*, 377 F.3d 538, 551 (6th Cir. 2004); accord

*Lancaster v. Adams*, 324 F.3d 423, 436-37 (6th Cir. 2003); *Greer v. Mitchell*, 264 F.3d 663, 672

(6th Cir. 2001); *Buell v. Mitchell,* 274 F.3d 337, 348 (6th Cir. 2001).  In determining whether a

state procedural rule was applied to bar a claim, a reviewing court looks to the last reasoned

state-court decision disposing of the claim. See *Ylst*, 501 U.S. at 803; *Guilmette v. Howes*, 624

F.3d 286, 291 (6th Cir. 2010).

   If a petitioner procedurally defaulted his federal claim in state court, the petitioner

must demonstrate either (1) cause for his failure to comply with the state procedural rule and

actual prejudice flowing from the violation of federal law alleged in his claim, or (2) that a lack

of federal habeas review of the claim will result in a fundamental miscarriage of justice.  *See*

*House v. Bell*, 547 U.S. 518, 536 (2006); *Murray v. Carrier*, 477 U.S. 478, 495 (1986); *Hicks*,

377 F.3d at 551-52.  The miscarriage-of-justice exception only can be met in an "extraordinary"

case where a prisoner asserts a claim of actual innocence based upon new reliable evidence.

*House*, 547 U.S. at 536. A habeas petitioner asserting a claim of actual innocence must establish

that, in light of new evidence, it is more likely than not that no reasonable juror would have

found petitioner guilty beyond a reasonable doubt.  Id. (citing *Schlup v. Delo*, 513 U.S. 298, 327

(1995)).

   The last state court to issue a reasoned opinion on Petitioner's claim was the trial

court.

> The third bar, under MCR 6.508(D)(3), is that a Court may not grant relief from judgment if the criminal defendant's motion alleges grounds for relief, other than jurisdictional defects, Which could have been raised on appeal from the conviction and sentence or in a prior motion under MCR 6.508.

> This bar clearly applies here as defendant could have raised the issues set forth in his motion for relief from judgment if he sought appellate review of his conviction, which he did.

(08/05/13 Chippewa Cir. Ct. Op & Order) (PageID751-752).  Petitioner failed to present his claims of ineffective assistance of counsel on direct appeal to the Michigan Court of Appeals. M.C.R. 6.508(D)(3) is the applicable state procedural rule.  M.C.R. 6.508(D)(2) bars a petitioner from being granted relief if the issue could have been raised on direct appeal, unless the petitioner can show good cause for failure to raise the claim, or prejudice would arise from barring relief.   Petitioner has argued that his appellate counsel's failure to raise his defaulted issues on appeal is cause for his procedural default.

However, Petitioner cannot show prejudice to overcome the procedural bar.  In *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), the Supreme Court established a two-prong test by which to evaluate claims of ineffective assistance of counsel.  To establish a claim of ineffective assistance of counsel, the petitioner must prove:  (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome.  A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 689.  The defendant bears the burden of overcoming the presumption that the challenged action might be considered sound trial strategy.  *Id*. (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)); see also *Nagi v. United States*, 90 F.3d 130, 135 (6th Cir. 1996) (holding that counsel's strategic

7

decisions were hard to attack).  The court must determine whether, in light of the circumstances as they existed at the time of counsel's actions, "the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690.  Even if a court determines that counsel's performance was outside that range, the defendant is not entitled to relief if counsel's error had no effect on the judgment.  *Id.* at 691.

Here, Petitioner failed to meet the *Strickland* burden of proof needed to show ineffective assistance of counsel.  Petitioner's first claim of ineffective assistance of trial counsel was that counsel did not use a peremptory challenge on a biased juror.  When a juror's impartiality is called into question, the relevant issue is "'did [the] juror swear that he could set aside any opinion he might hold and decide the case on the evidence, and should the juror's protestation of impartiality be believed.'"  *Dennis v. Mitchell*, 354 F.3d at 520 (quoting *Patton v. Yount*, 467 U.S. 1025, 1036 (1984)).  In order for a petitioner to be entitled to habeas relief based on a juror's non-disclosure during *voir dire*, the petitioner "must first demonstrate that a juror failed to answer honestly a material question on *voir dire*, and then further show that a correct response would have provided a valid basis for a challenge for cause."  *McDonough v. Greenwood*, 464 U.S. at 556.  The *McDonough* test applies regardless of whether it is alleged that a juror intentionally concealed information.  *Dennis*, 354 F.3d at 520 (6th Cir. 2003) (citing *Zerka v. Green*, 49 F.3d 1181, 1185 (6th Cir. 1995)) (applying *McDonough*, which involved an inadvertent failure of a juror to disclose, to cases in which a juror intentionally failed to disclose)).  As the *McDonough* Court explained, "[t]he motives for concealing information may vary, but only those reasons that affect a juror's impartiality can truly be said to affect the fairness of a trial."  *McDonough,* 464 U.S. at 556.  "'If a juror is found to have deliberately concealed material information, bias *may* be inferred.  If, however, information is *not* concealed

deliberately, the movant must show *actual bias*.'" *Zerka*, 49 F.3d at 1186 (quoting *United States v. Patrick*, 965 F.2d 1390, 1399 (6th Cir. 1988)).  Petitioner failed to show that any juror answered a question dishonestly during *voir dire* or that any juror showed actual bias that prejudiced Petitioner.  In the opinion of the undersigned, Petitioner's counsel was not ineffective for failing to remove a non-biased juror during *voir dire*.

Petitioner's second claim of ineffective assistance of trial counsel was that counsel failed to call in an arson expert and witnesses.  It is well established that "[c]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland*, 466 U.S. at 691. The duty to investigate derives from counsel's basic function, which is "'to make the adversarial testing process work in the particular case.'" *Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986) (quoting *Strickland,* 466 U.S. at 690). This duty includes the obligation to investigate all witnesses who may have information concerning his or her client's guilt or innocence. *Towns v. Smith*, 395 F.3d 251, 258 (6th Cir. 2005).  "In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." *Strickland*, 466 U.S. at 691.  "The relevant question is not whether counsel's choices were strategic, but whether they were reasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 481 (2000); accord *Clinkscale v. Carter*, 375 F.3d 430, 443 (6th Cir. 2004).  A purportedly strategic decision is not objectively reasonable "when the attorney has failed to investigate his options and make a reasonable choice between them." *Horton v. Zant*, 941 F.2d 1449, 1462 (11th Cir.1991) (cited in *Combs v. Coyle*, 205 F.3d 269, 288 (6th Cir. 2000)).  In the opinion of the undersigned, Petitioner's trial counsel acted reasonably in representing Petitioner. Petitioner wished to show through the testimony of an expert and other witnesses that an

electrical outlet started the fire.  However, the evidence from the fire shows that the two to three

fires were not near the electrical outlets, and the electrical outlets had no damage on or around

them.  Petitioner's alleged speculative testimony could have easily been refuted by the evidence

obtained inside the cell and by those who witnessed the fire.  In the opinion of the undersigned,

Petitioner's trial counsel acted reasonably, and counsel's actions should be given deference in

accordance with *Strickland*.

           Petitioner's final claim of ineffective assistance of trial counsel was that counsel

failed to cite precedent that would suppress a nurse's testimony.  Petitioner contends that his

statement, in which the nurse claims Petitioner told her that he lit his mattress on fire, was

hearsay.  The Michigan Court of Appeals addressed this:

> Finally, defendant argues that the trial court erred by admitting
> evidence of his statement to a nurse that he lit his mattress on fire.
> Defendant asserts various reasons the evidence should have been
> excluded, including that it was not trustworthy, not made for
> purposes of medical treatment, was inaccurate, and that he never
> made the statement.  Defendant's statement was not hearsay.  It
> was also relevant and, therefore, admissible.  Defendant was
> provided full opportunity to impeach the nurse's credibility and
> otherwise cross-examine her.  Because the trial' court decision to
> admit the evidence was not outside the range of principled
> outcomes, it was not an abuse of discretion.

Michigan Court of Appeals decision at 3 (PageID.803) (citations omitted).  In the opinion of the

undersigned, Petitioner's counsel was not ineffective for failure to impeach the nurse's

testimony, nor was the Michigan Court of Appeal's decision contrary to, or involved an

unreasonable application of, clearly established federal law as determined by the Supreme Court

of the United States.

           Petitioner has asserted a separate claim that he was denied his Sixth Amendment

right to effective assistance of appellate counsel due to counsel's failure to appeal his three

ineffective assistance of trial counsel claims.  An appellant has no constitutional right to have every non-frivolous issue raised on appeal.  "'[W]innowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy."  *Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983)).  To require appellate counsel to raise every possible colorable issue "would interfere with the constitutionally protected independence of counsel and restrict the wide latitude counsel must have in making tactical decisions." *Strickland*, 466 U.S. at 688.  As the Supreme Court recently has observed, it is difficult to demonstrate that an appellate attorney has violated the performance prong where the attorney presents one argument on appeal rather than another.  *Smith v. Robbins*, 528 U.S. 259, 289 (2000).  In such cases, the petitioner must demonstrate that the issue not presented "was clearly stronger than issues that counsel did present."  *Id.*

As previously stated, Petitioner's ineffective assistance of counsel claims lack merit.  In the opinion of the undersigned, appellate counsel was not ineffective for failing to raise frivolous claims of ineffective assistance of trial counsel on appeal.

In summary, the undersigned concludes that Petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the Petitioner in this application for habeas corpus relief.  Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted.  A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The undersigned concludes that reasonable jurists could not find that a dismissal of each of Petitioner's claims of insufficient evidence to sustain a guilty conviction, ineffective assistance of counsel, and ineffective assistance of appellate counsel was debatable or wrong. Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:   July 11, 2017                              /s/ Timothy P. Greeley
                                                    TIMOTHY P. GREELEY
                                                    UNITED STATES MAGISTRATE JUDGE