UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| Dermaine Rios, | ) | |
|---|---|---|
| Petitioner, | ) | |
| | ) | No. 2:15-cv-160 |
| -v- | ) | |
| | ) | HONORABLE PAUL L. MALONEY |
| Shane Place, | ) | |
| Respondent. | ) | |
| | ) | |

# OPINION

Dermaine Rios, a Michigan prisoner, filed a petition under 28 U.S.C. § 2254 challenging his state court conviction. The magistrate judge issued a report and recommendation (R & R) concluding that the petition should be denied. (ECF No. 86.) Rios timely filed objections. (ECF No. 91.) Rios sets forth four specific objections to the R & R: (1) The magistrate judge erred as a matter of law when he concluded that the state presented sufficient evidence to convict him of arson under Michigan law; (2) the magistrate judge erred by concluding that Rios' procedurally-defaulted claims were not saved by the "fundamental miscarriage of justice exception; (3) the magistrate judge erred by concluding that Rios could not show prejudice on his ineffective assistance of counsel claims; and (4) the magistrate judge erred by not granting an evidentiary hearing before ruling on his ineffective assistance of counsel claims. For the reasons to follow, the Court will adopt the R & R as the opinion of the Court and overrule Rios' objections to the R & R.

## Statement of Facts

Petitioner takes no issue with the facts as summarized by the magistrate judge. Since he lodges objections only to legal conclusions, the Court adopts the magistrate judge's summary of the facts contained in the R & R. (ECF No. 85.)

## Legal Framework

With respect to a dispositive motion, a magistrate judge issues a report and recommendation, rather than an order. After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide de novo review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see also Thomas v. Arn*, 474 U.S. 140, 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

## Analysis

The Court first takes up Petitioner's contention that his conviction was not supported by sufficient evidence. Petitioner previously raised this issue on direct appeal with the Michigan Court of Appeals. The R & R concluded that sufficient evidence supported the conviction and was not contrary to clearly established federal law. Rios now claims that his conviction violated the Supreme Court's holding in *United States v. Ross*—an 1875 case—that held when circumstantial evidence is relied upon to prove a fact, the circumstances must be proven and may not be presumed. 92 U.S. 281 (1875). Petitioner theorizes that under this standard, the prosecution failed to "overcome the presumption that the fire was accidental." (ECF No. 91 at PageID.1479.) Based on this alleged failure, he believes his conviction was contrary to, or an unreasonable application of clearly established federal law. 28 U.S.C. § 2254(d)(1).

However, *Ross* sheds no new light on Rios' conviction and the objection is without merit. As the Michigan Court of Appeals noted:

> Arson cases are usually proved with circumstantial evidence. "'Such evidence is often of a negative character; that is, the criminal agency is shown by the absence of circumstances, conditions, and surroundings indicating that the fire resulted from an accidental cause.'" *Nowack*, 462 Mich. at 402-403 (citation omitted); see also *People v Wolford*, 189 Mich. App. 478, 480; 473 N.W.2d 767 (1991). Further, a "prosecutor need not negate every reasonable theory consistent with innocence," *Nowack*, 462 Mich. at 400, and an arson investigator is not required to rule out all "remotely possible causes of a fire for which no evidence exists." *People v Simon*, 174 Mich. 649, 654; 436 N.W.2d 695 (1989).
>
> The prosecution presented evidence that defendant was seen alone in his cell shortly before the fire started. Officers responding to the scene testified that the fire appeared to be in two or three locations in the cell. One officer testified that he did not believe the fire was an electrical or grease fire,

3

> although he was not a fire investigator and did not investigate further after the fire was put out. Another officer testified that there were no open flames, burners, heat sources, or anything that would cause an accidental ignition in the cells of the unit in which defendant's cell was located. He too admitted that he was not a fire investigator and did not investigate for the purpose of determining the cause of the fire. A state police officer testified that he had no reason to believe accelerants or flammable liquids were used. A nurse who attended to defendant testified that he said he lit his mattress on fire. Although a state police officer testified that the mattress was not damaged, defendant was the only one with an opportunity to deliberately set a fire because he was alone in his cell.
>
> This evidence is sufficient, when viewed in a light most favorable to the prosecution, for a rational jury to conclude beyond a reasonable doubt that the prosecution proved all essential elements of the crime. *Ericksen*, 288 Mich. App. 192, 195-196. The evidence showed multiple points of origin, no apparent accidental causes for the multiple fires, and that defendant possessed both the means and opportunity to start the fires. In meeting its burden of proof, the prosecution need not negate every theory consistent with innocence. *Nowack*, 462 Mich. at 400.

(ECF No. 41-22 at PageID.802.) Therefore, as that court noted, the prosecution put forth the evidence necessary to prove the circumstances underlying Petitioner's conviction; that is the obligation under *Ross*. The prosecution was not required to *disprove* Rios' theory that the fire was accidental. The Court thus concludes that the Michigan Court of Appeals decision was not contrary to clearly established federal law, nor was it an objectively unreasonable application of federal law as determined by the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 409–12 (2000).

Rios' also objects to the magistrate judge's conclusion that his ineffective assistance of trial counsel claims were procedurally defaulted and thus barred from federal habeas review. "[P]rocedural default results where three elements are satisfied: (1) the petitioner failed to comply with a state procedural rule that is applicable to the petitioner's claim; (2) the state

4

courts actually enforced the procedural rule in the petitioner's case; and (3) the procedural forfeiture is an 'adequate and independent' state ground foreclosing review of a federal constitutional claim." *Willis v. Smith*, 351 F.3d 741, 744 (6th Cir. 2003) (quoting *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986)).

As a general rule that procedurally defaulted claims relating to state convictions cannot be heard during federal habeas review. *Ylst v. Nunnemaker*, 501 U.S. 797, 801 (1991); *Engle v. Isaac*, 456 U.S. 107 (1982). Two exceptions to the general rule have been carved out. *Ylst v. Nunnemaker*, 501 U.S. 797, 801 (1991); *Engle v. Isaac*, 456 U.S. 107 (1982). First, in *Wainwright v. Sykes*, the United States Supreme Court held that state prisoners could not litigate procedurally barred claims in § 2254 proceedings unless they could show cause for and actual prejudice from the default. 433 U.S. 72 (1977). Second, "[i]n certain exceptional cases involving a compelling claim of actual innocence . . . the state procedural default rule is not a bar to a federal habeas corpus petition." *House v. Bell*, 547 U.S. 518, 522 (2006).

To his credit, Rios does not contest that the claims are procedurally defaulted, instead arguing that the magistrate erred by declining to consider them under the exceptions to the procedural default rule. However, neither exception to the rule applies, so his claims cannot be considered during federal habeas review. First, he has not shown (1) cause for his failure to comply with the state procedural rule; and (2) actual prejudice flowing from the alleged violation of federal law. *Isaac*, 456 U.S. at 130. Instead, he admits that he could have raised his claims for ineffective assistance on direct review. This admission leaves petitioner unable to meet the first element of *Isaac*. The Court also finds the magistrate judge's conclusion that Rios was not prejudiced by the alleged ineffective assistance of counsel to be well-

reasoned and to have accurately applied the law. Accordingly, the first exception to the procedural default rule does not apply to Rios' claims because neither element has been met.

Second, the Court is not aware of any exceptional circumstance that would justify consideration of Rios' claims on the merits. Rios does not claim that new, reliable evidence is available that can prove his innocence. *House*, 547 U.S. at 536. The Court concludes that Rios' second objection to the R & R is without merit.

Finally, the Court has reviewed Rios' remaining objections to the R & R and finds them to be unmeritorious. His third objection is based upon the premise that the ineffective assistance of counsel claims raised in his second objection have merit. They do not. Rios' last objection is that the magistrate judge abused his discretion by denying Rios' request for an evidentiary hearing on his ineffective assistance of counsel claims. The Court can discern no basis for sustaining the objection, since the claims were procedurally defaulted and could not be considered on their merits.

## ORDER

The Court **OVERRULES** Rios' objections. (ECF No. 91.) The Report and Recommendation is **ADOPTED** in full as the opinion of this Court. (ECF No. 85.)

**IT IS FURTHER ORDERED** that Petitioner's Motions for leave to file an amended brief (ECF No. 86) and for reconsideration of the Magistrate Judge's denial of discovery motions (ECF No. 90) are **DISMISSED AS MOOT.**

## CERTIFICATE OF APPEALABILITY

A district court must issue a certificate of appealability either at the time the petition for writ of habeas corpus is denied or upon the filing of a notice of appeal. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) (per curiam). A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). *See Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003). To satisfy this standard, the petitioner must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Id.* (quoting *Slack v. McDaniel*, 529 U.S. 473, 483 (2000)). Courts should undertake an individualized determination of each claim presented by the petitioner when considering whether to issue a certificate of appealability. *Murphy v. Ohio*, 551 F.3d 485, 492 (6th Cir. 2009). Here, the Court concurs with the Magistrate Judge's recommendation that any appeal of this matter would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

Judgment will enter separately.

**IT IS SO ORDERED.**

Date:  September 26, 2017　　　　　　　　　　　　　　/s/ Paul L. Maloney
　　　　　　　　　　　　　　　　　　　　　　　　　　Paul L. Maloney
　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge